## ESTATE OF ANN E. BRACKEN, DECEASED.

APPEAL BY JAMES S. BRACKEN ET AL. FROM THE ORPHANS' COURT OF CAMBRIA COUNTY.

Argued October 13, 1890—Decided November 3, 1890.

1. Any one to whom an equal share in a decedent's estate has been awarded, on a distribution thereof by an auditor in the Orphans' Court, has a right, being interested in the amount of the fund, to except to the findings of the auditor and to have his exceptions considered by the court.
2. Where a codicil was admitted to probate on a day subsequent to the probate of the will, and there was no appeal from the decree of the register, or other adverse proceeding to set the codicil aside, it must be regarded as part of the will of the testator, valid against attack collaterally.
3. The amount of the fund for distribution was but $1,102.83; the whole of the testimony could have been taken at one sitting, and the questions to be decided were very simple: the auditor's charge of $115 for his services was excessive, and were reduced to $65.
4. Where an account presented was confirmed without exception, and an auditor appointed merely to make distribution, the accountant is a mere stakeholder, and the fund is not chargeable with the fees of the counsel for the accountant, for services before the auditor.

Statement of Facts.

Before Paxson, C. J., Sterrett, Green, Williams, Mc-Collum and Mitchell, JJ.

No. 43 October Term 1890, Sup. Ct.; court below, number and term not given.

The account of Samuel Reed, executor of the will of Ann Elizabeth Bracken, deceased, showing a balance for distribution of $1,102.83, having been confirmed without exception, *Mr. E. G. Kerr* was appointed auditor to report a distribution.

The facts found by the auditor were in substance as follows:

Ann Elizabeth Bracken died leaving a will dated November 15, 1881, by which she gave and bequeathed to Susan Bracken a colt, the household and kitchen furniture, and $300 in money, "also share and share alike in the real estate;" to her son James S. the sum of $1; to Nathan's two children $1 each; to her daughters, Caroline, Margaret, Joanna, Elizabeth and Jennie (Catharine J.) "share and share alike of all my estate;" to Jennie (Catharine J.) the sum of $300 "over and above her share above mentioned;" to her son William $1. The said will was duly admitted to probate on October 28, 1885, and soon afterwards an agreement under seal "to settle and compromise all difficulties," dated November 25, 1885, was signed by Susan, Caroline, Margaret, Joanna and Elizabeth, which provided:

"That at the death of our father the land shall be sold and the proceeds divided according to the provisions of the will of our said mother, excepting that our brother, James S. Bracken, shall receive an equal share with us, viz., Caroline Garman, Margaret Keller, Joanna Orner, Elizabeth Wilson, Susan Bracken and Jennie Davis, after allowing to Susan Bracken and Jennie Davis the special bequests to them."

Afterwards, a testamentary paper, executed by the decedent under date of June 13, 1885, was discovered, which on January 2, 1886, was separately admitted to probate and was as follows:

"I, Ann E. Bracken, do charge my daughter Catharine J. Davis the sum of three hundred dollars for raising her child and wish this sum taken from my special bequest to her in my will, and have requested my sister to write [this] and hold

Arguments.

the same until after my death, and wish this to be a codicil to my will."

It appeared, also, that on March 2, 1888, James S. Bracken had assigned all his interest in the estate of his mother to Malvina S. Bracken, his wife.

The auditor on April 15, 1889, filed a report, holding that, after payment of the bequests to James, William and Nathan's two children of $1 each, and the bequests to Susan and Catharine J. of $300 each, the net balance for distribution was to be divided equally among the *seven* beneficiaries named in the will, James S., William, Joanna, Susan, Caroline, Margaret and Catharine; and that James S. Bracken could participate in the distribution only by virtue of the agreement of November 25, 1885, which "negatived" the codicil. To arrive at the net balance for distribution, the auditor deducted from the fund in the hands of the accountant as follows: "Auditor's fee and advertising, 11 days," $115; accountant's attorney, "appearing before auditor, 10 days," $50.

To the report of the auditor, James S. and Malvina S. Bracken filed exceptions, alleging that the auditor erred, inter alia: 1. In setting aside the codicil to the will. 2. In awarding to Catharine J. the bequest of $300 in the will, revoked by the codicil. 6. In the allowance of $50 to the executor's counsel. 7. In the charge made for the auditor's services.

Said exceptions having been argued, the court, JOHNSTON, P. J., deciding that James S. Bracken, by excepting to the distribution made under the family agreement which he had himself procured, left himself without any standing to sustain a contest, and that his wife's interest could rise no higher than his own, dismissed the exceptions and confirmed the distribution reported by the auditor. Thereupon the exceptants took this appeal, specifying that the court erred in dismissing the exceptions filed and in confirming the auditor's report.

*Mr. Geo. M. Reade*, for the appellants.

Counsel cited: (1) Hess v. Hess, 5 W. 187, 192; Holliday v. Ward, 19 Pa. 485: Lovett v. Mathews, 24 Pa. 330; Shinn v. Holmes, 25 Pa. 142; Cochran v. Young, 104 Pa. 333; McCay v. Clayton, 119 Pa. 133. (2) Act of June 4, 1879, P. L. 84.

Opinion of the Court.

*Mr. F. A. Shoemaker*, for the appellees.

OPINION, MR. JUSTICE GREEN :

By the distribution of the fund in the hands of the account-ant, as made by the auditor, James S. Bracken, the appellant, was awarded a share of the estate of the decedent. He was allowed an equal share with the other legatees of the testatrix. After exceptions were filed to the report, the distribution made by him was confirmed by the court below, but the ground upon which the confirmation was placed was, that James S. Bracken was the only exceptant, and he had no status to file exceptions, had no interest in the estate, and therefore could not be heard to complain. We cannot understand this view of the case. An equal distributive share of the estate was given to the appellant by both the report of the auditor and the decree of the court, and of course he was interested in the estate to the extent of his share. As the distribution was of the whole balance in the accountant's hands, and in equal shares, the amount to which the appellant would be entitled would depend upon the amount of the fund. If it was more, the appellant's share would be larger ; if it was less, his share would be smaller. Undoubtedly, he was interested in the amount of the fund, and therefore had a lawful right to parti-cipate in its distribution, and to increase, if he could, the pro-portion coming to him. As a necessary consequence, he had a right to except to the findings of the auditor, and to have his exceptions heard by the court. This being so, it is our duty to consider and determine his assignments of error.

One of them was the allowance of fees to counsel for the ex-ecutor for services in attending before the auditor. The aud-itor was appointed merely to make distribution. The account of the executor was confirmed without objection, and hence there was no contention before the auditor in which the ex-ecutor had any interest. Being a mere stakeholder, the dis-tribution of the fund in his hands was a matter of no concern to him, and he could not be heard before the auditor. It fol-lows, that it was error in the auditor to allow the item of fifty dollars for services of counsel for the executor in the proceed-ings on the audit. The sixth assignment of error is therefore sustained.

Opinion of the Court.

By the terms of the codicil to the will of the testatrix, her daughter, Catharine J. Davis, was charged the sum of three hundred dollars for raising her child, and it was directed that this sum should be taken from the legacy given to her by the will. The codicil was duly probated after the will had been proved, and there being no appeal or other adverse proceeding to set it aside, it must be regarded as a part of the will of the testatrix. That being so, there is no option to disregard it, and its terms must be enforced. The family agreement was made before the codicil was proved, and related only to the will. Moreover, it was not signed by Catharine J. Davis, and has no effect as to her. It was signed by five of the six legatees of the residue, and as to them it must have operation. It follows that the first three assignments of error must be sustained, and Catharine's legacy of three hundred dollars in excess of her share, as given by the will, must be regarded as taken from her by the codicil.

Another exception was taken to the compensation charged by the auditor. The whole amount of the fund for distribution was $1,102.83, and the auditor charged $115 for his services. There were but six meetings before the auditor, when testimony was taken, and the whole of it could have been taken at one sitting. Much of it was entirely incompetent and should have been rejected. The questions to be decided were very simple, and required but little time for their consideration and decision. For the distribution of such a small estate, attended with so little trouble to the auditor, we think a charge of $115 is excessive. We consider that the sum of $65 will be an adequate compensation, and we therefore fix it at that amount. In restating the account, the item of $50 for services of counsel for the executor, before the auditor, must be stricken out, and the same amount must be deducted from the fees of the auditor. This will increase the fund for distribution by the sum of $100. In making distribution, the legacy of three hundred dollars to Susan must first be deducted. The balance must be divided by six, representing Susan, Caroline, Margaret, Joanna, Elizabeth and Catharine J., and one sixth of the amount must be given to Catharine J. The amount then remaining must be divided equally between Susan, Caroline, Margaret, Joanna,

Elizabeth and James S. Bracken, the appellant, or his assignee, if he has assigned his share.

> The decree of the Orphans' Court is reversed at the costs of the appellees; and the record is remitted, with instructions to re-state the distribution in accordance with this opinion.