## ESTATE OF JAMES WOODROW, DECEASED.

APPEAL BY A. J. EBERLY, EXR. OF R. A. EVANS, FROM THE
ORPHANS' COURT OF LANCASTER COUNTY.

Argued May 19, 1891—Decided October 5, 1891.
[To be reported.]

1. Where land is sold under proceedings in the Orphans' Court and pur-
chase money is charged thereon as a dower principal, payment to the
parties entitled on the death of the widow, may be enforced out of the
real estate so sold, by proceedings in the Orphans' Court under the act
of May 17, 1866, P. L. 1096.
2. In a proceeding to enforce such payment, where the purchaser of the
land has died after devising the same by his will, it is error, on petition
of the devisees, to bring in the executor of the deceased purchaser, and
to order the dower principal to be paid out of the purchaser's personal
estate, in relief of the land.
3. The right of the claimants of the fund are paramount; and the equities
between the devisees and legatees, under the will of the purchaser,
cannot be adjusted at the claimants' expense. Distribution of the pur-
chaser's personal estate can be made only upon the audit of the ex-
ecutor's accounts.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 302 January Term 1891, Sup. Ct.; court below, number
and term not shown.

On January 18, 1890, Harriet H. Passmore and others pre-
sented their petition showing that they were children and heirs
at law of James Woodrow, who died on or about December 13,
1880, seised in fee of a tract of land containing one hundred

Statement of Facts.

and sixteen acres, more or less, in Little Britain township; that, by proceedings duly had in the Orphans' Court for Lancaster county, the said land was sold for the payment of the debts of said decedent; that one third of the proceeds of sale, "after payment of debts, remained charged on said lands as dower, for and during the lifetime of Ann W. Woodrow, widow of said James Woodrow, deceased, the interest thereon to be paid annually and regularly to said Ann W. Woodrow for life, and at her decease the principal sum to be paid to the heirs of the said James Woodrow," deceased; that Robert A. Evans was the purchaser of the real estate, upon the terms and conditions aforesaid, and had received the deed therefor from the administrators of said deceased; "that the dower charged on said messuage and tract of land was fixed at the sum of $394.45, and 'recorded;'" that the said Ann W. Woodrow died October 26, 1889, and the principal of said fund was payable to the said heirs, to wit, Harriet H. Passmore, Lydia A. Richardson, Philena R. Patton, Emma Furniss and Sallie J. Pennock, all of whom were of age; that said Robert A. Evans, the purchaser of the land, died on August 28, 1889, seised of the said land in fee; that by his will dated May 17, 1889, and duly admitted to probate, he devised the said land to William W. Evans, for life, and after his death to Annie M. Hess, Gertrude K. Cox and Augusta Evans, his children, to each one third thereof for life, and after their decease severally to their children, as set forth in the seventeenth item of said will copied. Said will contained no provision in reference to said dower charge. Thus showing their interests therein, the petitioners prayed the court to order and direct the payment of the principal of said dower charge by the devisees of said lands, or the persons legally bound to pay the same, and to make such other order and decree for the payment thereof out of said real estate as should be just and proper.

To a rule granted upon the foregoing petition, William W. Evans, Gertrude K. Cox and Annie M. Hess, answered, averring inter alia that by the sale and conveyance of the said tract of land to Robert A. Evans, and the charge of the dower principal, "the payment of the said money or dower was thereby made the personal obligation of the said Robert A. Evans, and he and his personal representatives became liable therefor;"

that the said Robert A. Evans continued to be the owner of the said land until his death; that by his will he directed that his debts should be paid, and the inventory of his estate filed showed that his personal estate amounted to the sum of about $200,000, and that the respondents believed that there were practically no debts except the said dower principal; that A. J. Eberly, the executor of said Robert A. Evans, had not been made a party to the proceedings; and, submitting that said executor should be made a party, and that an order should be made requiring him to pay said money or dower, the respondents prayed judgment and that the petition be dismissed.

On May 13, 1890, after argument, the court, PATTERSON, J., filed an opinion, wherein, citing De Haven v. Bartholomew, 57 Pa. 126, and the act of May 17, 1866, P. L. 1096, it was ruled that the proceeding might be sustained, provided the bill or petition brought into court by due notice the owners of such real estate and such other persons as might be interested; and in order that the proceeding might be properly adjudicated, the surviving executor of Robert A. Evans, deceased, should be served and have his day in court.

A rule upon A. J. Eberly, surviving executor of Robert A. Evans, deceased, to show cause, etc., having been granted, the said A. J. Eberly, surviving executor, answered, inter alia, that the sale and conveyance of the said real estate by order of the Orphans' Court to the said Robert A. Evans, did not make the dower charged on the said land the personal obligation of the said Robert A. Evans, and he and his surviving executor were not liable therefor; that the said Robert A. Evans, deceased, did not indicate an intention in his said will to charge said dower principal on his personal assets, nor did he in his lifetime deal with the same so as to make it his personal obligation; that the personal estate of said Robert A. Evans, after the payment of his debts and the expenses of the settlement of his estate, would not be sufficient to pay all the pecuniary legacies bequeathed by him in his will in full, and could not go in ease of said real estate charged with said dower, so as to defeat the pecuniary legacies bequeathed or any part thereof; praying judgment, etc.

After argument, the court, PATTERSON, J., on January 17, 1891, filed an opinion in part as follows:

The surviving executor, in his answer, sets forth, in the exact words as contained in the last will of Robert A. Evans, the devise of the said farm purchased from the administrators of James Woodrow, at Orphans' Court sale, and at which sale said Robert A. Evans became the purchaser and received a deed for same, charged with the dower aforesaid, and remained and continued to be the owner of the said premises until the date of his death, to wit, August 28, 1889.

The testator bequeathed to his wife, Catharine E. Evans, all his household goods, carriage horses, carriages and other chattels, and twenty-five hundred dollars, absolutely; then his dwelling-house during her life; then he bequeathed fifty thousand dollars to his executors, in trust to pay her the interest thereof, after deducting expenses, semi-annually. As before stated, Robert A. Evans accepted a deed, being the purchaser at an Orphans' Court sale by the administrators of James Woodrow, deceased, charged with the widow's dower, to wit, $394.45, and paid the interest on the same during his life and up to his death. And the widow of the said Robert A. Evans refused to accept the provisions of testator's will, and claimed her dower. Also, said widow petitioned the court to appoint appraisers to value and appraise the real estate of her said husband, which was done, and the appraisers so appointed valued and appraised the said Woodrow farm with dower of $1,000. The devisees of said farm are therefore restricted in the enjoyment of their devise, it being encumbered with the said Woodrow dower and also the statutory dower of $1,000, the interest payable to the widow of Robert A. Evans, and the interest on said sum at six per cent during the lifetime of the said widow.

Now, the will of Robert A. Evans does not refer to or mention in his devise of the said Woodrow farm, the dower lien aforesaid, due to the Woodrow heirs. What was the intention of the testator? Was it that the devisees should pay the said dower lien? The will is the law of his estate. No such intention is apparent. Here the Woodrow dower lien forms part of the price of the purchase money agreed to be paid by Robert A. Evans, and he would most likely suppose his estate would have to pay it.

It was ruled in Metzgar's App., 71 Pa. 330, that where land

Opinion of Court below.

is sold subject to purchase money and interest due a third person, it is a covenant by the vendee to pay such purchase money; it need not appear affirmatively that such encumbrance was payable out of the purchase money. In Hoff's App., 24 Pa. 200, Hoff had bought land subject to a mortgage, which he made his own debt. He bequeathed the land to his wife. It was held that his executors ought to pay the mortgage. But, is not the rule in Sandoe's App., 65 Pa. 314, applicable and ruling in this case? "Where a widow elects not to take under a will, her substituted devises and bequests are a trust in her, for the benefit of the disappointed claimants to the amount of their interests therein. A court of equity will sequester the benefit intended for the wife, to secure compensation to those whom her election disappoints." Also, Young's App., 108 Pa. 17. And Mansell's Est., 1 Pars. 367, says: "It is a rule of equity, that the devisee of lands, which the devisor has before or after making his will charged with a mortgage, is entitled to have his lands exonerated therefrom out of the testator's personal estate, unless the devisor indicates an intention that the devisee should take them cum onere." "The personal estate is the natural fund for the payment of the debts of a testator," etc.

In this case, the testator had purchased at Orphans' Court sale under proceedings in partition. The act of 1866, already quoted, provides that "in all cases in which proceedings in the Orphans' Court of any county, any money has been charged upon real estate, payable at a future period, etc., such court shall proceed, according to equity, to make such decree or order as shall be just and proper."

Therefore, it is now, to wit, January 17, 1891, ordered and decreed that A. J. Eberly, Esq., the surviving executor of Robert A. Evans, deceased, pay the said charge of dower upon the farm or tract of land mentioned and described in the petition, property of said Robert A. Evans, at his death, and situated in Little Britain township, Lancaster county, containing 116 acres, more or less, being three hundred and ninety-four and forty-five hundredths dollars, and all interest due thereon and also the costs of this proceeding.[1]

—Thereupon, A. J. Eberly, surviving executor of Robert A. Evans, deceased, took this appeal, specifying that the court erred:

1. In making the foregoing decree.[1]

2. In not directing that William W. Evans, Gertrude K. Cox and Augusta Evans, devisees for life under the will of said Robert A. Evans, deceased, of the real estate on which the dower principal of $394.45 was charged, should pay the same to those legally entitled thereto.

3. In assuming, without evidence, that said Robert A. Evans made the payment of said dower principal his personal obligation.

*Mr. J. W. Denlinger* and *Mr. A. J. Eberly*, for the appellant:

At the time of the death of the testator, Robert A. Evans, the dower charge was an estate in the land, not an encumbrance: Diefenderfer v. Eshleman, 113 Pa. 309; Zeigler's App., 35 Pa. 173; Miller v. Leidig, 3 W. & S. 458; Bachman v. Chrisman, 23 Pa. 162. But, if it were merely an encumbrance, the grantee of real estate subject to it would not be personally responsible therefor, unless by agreement in writing he expressly assumed a personal liability therefor: §§ 1, 2, act of June 12, 1878, P. L. 205; Hirst's App., 92 Pa. 494; Mansell's Est., 1 Pars. 367. While the dower charge is not strictly an encumbrance created by a former owner, it operates just the same as if it had been so created. The testator, however, took the farm subject to said statutory dower, placed upon it by operation of § 43, act of March 29, 1832, P. L. 203.

*Mr. George Nauman* (with him *Mr. J. W. F. Swift* and *Mr. H. R. Fulton*), for the appellees:

The act of June 12, 1878, P. L. 205, has no application. Evans did not buy "under and subject" to an encumbrance, from a vendor who had created it. He created the charge himself by the purchase of the land at Orphans' Court sale. He paid interest on it till he died, and the principal became due within two months after his death. Such being the case, his personal estate must be applied in payment, in relief of his devise. It is true, of course, that a widow's dower interest is in a certain sense an estate, yet upon her death the amount due is nothing more than a mere lien or charge, and being such, the land devised subject to it must be relieved by the personal estate: Hoff's App., 24 Pa. 200; Unangst v. Kraemer,

8 W. & S. 400; Kinter's App., 62 Pa. 324; 1 Story's Eq. J., § 571; Moore's App., 88 Pa. 451; Metzgar's App., 71 Pa. 330.

OPINION, MR. JUSTICE STERRETT:

Exactly in what form the "charge," out of which the claim involved in this appeal grew, stands upon the records of the court below, does not appear. The effect of the sale made for payment of debts was to divest, not only the estate which was in James Woodrow, deceased, but that of his widow, and vest them in Robert A. Evans. This "charge" was undoubtedly part of the price; and the implication is that it was a deferred instalment, secured on the land sold under the order of that court.

Assuming, for the purposes of this appeal, that Robert A. Evans became personally liable for the charge, the court below was without jurisdiction, in the form adopted to enforce its payment. Distribution of the personal estate of decedent could only be made upon the audit of the executor's account in the mode prescribed by statute. There, creditors and legatees, as well as devisees, would have a right to be heard, and it is impossible to anticipate what questions they might raise; while here, they have no status, and may be prejudiced by the decree made. The executor, as such, has nothing to do with questions of distribution: Bracken's Est., 138 Pa. 104.

The decree below is not within the purview of the act of May 17, 1866, P. L. 1096. That act has no relation to personal estate, but by its terms gives the Orphans' Court jurisdiction to enforce payment of money "charged" by its order on real estate, "out of the real estate." The "charge" being admitted, these creditors had a right to elect the remedy provided by the act of 1866. They were not bound to resort to the personal estate first: Sergeant v. Ewing, 30 Pa. 75, 81, and the court below should have decreed accordingly. Robert A. Evans, living, could not have objected, and his devisees have no higher rights. The rights of these creditors are paramount, and the equities between the devisees and the legatees under the will cannot be adjusted at their expense. The decree of the Orphans' Court must therefore be reversed, and a decree made in accordance with the original petition, without preju-

Statement of Facts.

dice to the adjustment of equities as between the devisees and the legatees.

> Decree reversed, with costs to be paid by the appellees; and record remitted with instructions to proceed in accordance with the foregoing opinion.