## Huber's Estate.

*Auditors—Fee—Acts of June 4, 1879, and June 7, 1917.*

1. The Act of June 4, 1879, P. L. 84, has been repealed by the Act of June 7, 1917, P. L. 447, and there is no longer a *per diem* basis for allowance of auditor's fees.

2. Auditors are entitled to fair and reasonable compensation, and no more.

Exceptions to auditor's report. O. C. Lehigh Co.

*H. W. Helfrich,* for exceptions.

RENO, P. J., Feb. 4, 1924.—The balance for distribution aggregates $5477.23. The auditor appointed to make distribution held one meeting, took six pages of typewritten testimony and filed a report of seven typewritten pages. The one question of law requiring his determination was comparatively simple, necessitating inspection of few authorities and the construction of only one act. To his fee of $400 exceptions have been filed.

Manifestly, the fee is excessive. The Act of June 4, 1879, § 1, P. L. 84, has been repealed by the Act of June 7, 1917, § 63, P. L. 447, and there is no longer a *per diem* basis for allowance of auditors' fees. This repeal does not deprive us of a standard whereby the value of auditors' services can be measured. We now resort to the law as it was prior to 1879, when it was declared that auditors are entitled to fair and reasonable compensation for the labors required of them, and no more: Porter's Appeals, 30 Pa. 496; Parker's Appeal, 61 Pa. 478; and, naturally, the ability of the estate to pay furnishes no criterion for fixing the compensation: Parker's Appeal, 61 Pa. 478.

Careful consideration of the whole case convinces us that a fee of $100 would be a liberal allowance, and, accordingly, that sum will be allowed: *Cf.* Bracken's Estate, 138 Pa. 104.

Now, Feb. 4, 1924, exception sustained; a fee of $100 is allowed to the auditor; counsel for accountant may present a decree of distribution in accordance herewith for confirmation.

From James L. Schaadt, Allentown, Pa.